IN THE UNITED STATES DISTRICT COURT
FOR THE DISTIRCT OF NEW HAMPSHIRE

Case Number: 1:23-cv-00543-PB-AJ

| | |
|---|---|
| **Rudolph Giuliani**, plaintiff | |
| v. | |
| **Joseph Robinette Biden, Jr.**, individually and as a private citizen, | |
| **Biden for President**, a presidential principal campaign committee, | |
| **Biden Victory Fund**, a nonqualified joint fundraising committee and joint fundraising representative, | |
| **Biden Action Fund,** a nonqualified joint fundraising committee and joint fundraising representative, | |
| **Biden Fight Fund**, a nonqualified joint fundraising committee and joint fundraising representative, and | |
| **Biden Baldwin Victory Fund**, a nonqualified joint fundraising committee and joint fundraising representative, | |

### JOINT STATUS REPORT REGARDING BANKRUPTCY PROCEEDING

Pursuant to the Court's Order of May 20, 2024, Plaintiff and Defendants submit this Joint Status Report relating to the status of *In re Rudolph W. Giuliani a/k/a Rudolph William Giuliani*, Case No. 23-12055 (SHL), the bankruptcy proceeding involving Plaintiff that is pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case"). Consistent with the Court's Order, the parties address below, in their separate statements, whether there have been any actions in the Bankruptcy Case that concern or affect this case.

1

**Plaintiff's Report**

The Bankruptcy Case remains pending before the United States Bankruptcy Court for the Southern District of New York. There has been no order of the Court in the Bankruptcy Case removing or modifying the automatic stay regarding this case in the U.S. District Court for the District of New Hampshire. As of the date of this filing there is no pending motion before the Court in the Bankruptcy Case seeking an order to remove or modify the automatic stay of this case.

The Plaintiff previously filed in the Bankruptcy Case a motion to modify the automatic stay to allow the Plaintiff to proceed with prosecuting and perfecting an appeal in a matter pending before the United States Court for the District of Columbia referred to as the Freeman Litigation. That motion was denied by a May 23, 2024 order of the Bankruptcy Court that included a notation that, "[t]he automatic stay shall remain in place with respect to the Freeman Litigation and any appeal thereof, and not further action may be taken in the Freeman Litigation without further order of this Court." A copy of that order is attached to this report.

The May 23, 2024 order both confirms that the Bankruptcy Court considers the automatic stay to prohibit affirmative actions by the Plaintiff to protect his interests in other courts and an inclination not to modify such automatic stay. Any position of the Defendants in this action to convince the Court to require the Plaintiff to prosecute his claims here and to penalize the Plaintiff for his failure to do so would effectively punish the Plaintiff for being obedient to the order of the Bankruptcy Court.

**Defendants' Report**

On December 21, 2023, Plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York.  On January 12, 2024, the United States Trustee for the Southern District of New York appointed an Official Committee of Unsecured Creditors (the "Committee"), and Plaintiff soon thereafter filed schedules of assets and liabilities and statements of financial affairs.  The Committee filed a motion for an order directing the immediate appointment of a trustee pursuant to 11 U.S.C. Sec. 1104 on May 28, 2024, and a hearing on that motion is scheduled for June 17, 2024.  The Committee's motion seeks the appointment of a trustee to take control of Plaintiff's assets and financial affairs.

Referring to the Bankruptcy Case, Plaintiff asserts here that there is an "automatic stay regarding this case."  But that is inaccurate.  The provision of the Bankruptcy Code under which automatic stays are imposed -- 11 U.S.C. Sec. 362(a) – provides automatic stays only of actions brought ***against*** a debtor.  It does not provide for stays of actions brought ***by*** a debtor.  Specifically, Section 362(a)(1) states in relevant part that a bankruptcy petition "filed under section 301, 302, or 303 of this title  . . . operates as a stay  . . . of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding ***against the debtor*** . . . ." (emphasis added). Consistent with this plain language, courts have regularly held that Section 362 automatic stays do not apply to actions brought by debtors.  *See, e.g., See Haag v. United States,* 485 F.3d 1 (1st Cir. 2007) *(* "[o]n its face, the automatic stay . . . applies only to actions 'against the debtor'"*); Bill Heard Chevrolet Corp. v. Hisle*, 221 F. App'x 434 (6th Cir.

2007) (affirming district court decision that "the automatic stay does not apply to a lawsuit instituted by the debtor"); *Carley Capital Group v. Firemen's Fund Insurance Company*, 889 F.2d 1126, 1127 (D.C. Cir. 1989) (citing Sec. 362(a)(1), "we readily agree that this unambiguous provision by its terms only stays proceedings *against* the debtor and does not address actions *by* the debtor which would inure to the benefit of the bankruptcy estate") (emphasis in original; internal quotations and citations omitted); *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 523 (D. Conn. 2015), *aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32 (2d Cir. 2016) ("The Second Circuit has repeatedly held that where an action is commenced by, rather than against, a debtor, said action does not fall within the scope of the automatic stay."); *In re White*, 186 B.R. 700, 704 (B.A.P. 9th Cir. 1995) (the policy rationales undergirding U.S.C. § 362(a)(1) do not apply where the debtor has initiated a lawsuit against the creditor).

If this case involved a counterclaim or crossclaim against Plaintiff, there could be an argument that such claims were automatically stayed under Section 362. But there are no counterclaims or crossclaims in this case and thus no claims against Plaintiff to be stayed. For this reason, Plaintiff's assertion that there have been no motions in the Bankruptcy Case for relief from stay respecting this action is irrelevant: a stay has never been in effect.[1]

There also is no merit to Plaintiff's assertion that the Bankruptcy Court's order confirming the existence of an automatic stay in the "Freeman Litigation" means that an automatic stay applies to this case. That litigation involves defamation claims brought

---

[1] There have been other motions for relief from stay in the Bankruptcy Case, but those motions, including motions filed by Plaintiff, relate to cases filed ***against*** Plaintiff.

*against* Plaintiff by two election workers in Georgia that resulted in the United States District Court for the District of Columbia entering a judgment against Plaintiff for approximately $146 million in compensatory and punitive damages. Because the case involves claims against Plaintiff – not claims brought by him – the Bankruptcy Court's order finding that an automatic stay applies is fully consistent with Section 362. That order has no applicability where, as here, Plaintiff is the one who is bringing claims against other parties.  Indeed, the plain language of the order establishes that its reach is limited to the Freeman Litigation: "The automatic stay shall remain in place *with respect to the Freeman Litigation* and any appeal thereof, and no further action may be taken *in the Freeman Litigation* without further order of this court." (emphasis added). Contrary to Plaintiff's assertion, nothing in this order suggests it applies to this case or relieves Plaintiff of his obligations to comply with this Court's procedural rules.

As Defendants established in their Notice of Non-Opposition and Motion for Entry of Judgment filed on February 21, 2024 (Doc. 16), Local Rule 7.1(b) required Plaintiff to file a response to Defendants' Motion to Dismiss (Doc. 13) on February 8, 2024, or 14 days after Defendants filed the motion.  Plaintiff's failure to file a response means he has waived any objection to the Motion to Dismiss. *See* LR 7.1(b) ("The court shall deem waived any objection not filed in accordance with this rule.").

Accordingly, Defendants respectfully ask the Court to grant their motion and dismiss this case. *See, e.g.*, *Lacaillade v. Loignon Champ-Carr, Inc.*, 2011 WL 4738557, at *1 (D.N.H. Oct. 7, 2011) (granting motion to dismiss where the plaintiff failed to timely respond and the plaintiff's claim failed as a matter of law); *see also NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002) ("[I]t is within the district court's

discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity."). Dismissal is also supported by the multiple procedural and substantive deficiencies of Plaintiff's complaint that are addressed in Defendants' Motion to Dismiss.

Respectfully submitted,

The Plaintiff,
Rudolph Giuliani
By his attorneys,

Dated: June 20, 2024

/s/ William L. O'Brien
William L. O'Brien
1 Elm Street, Suite 201
Nashua, NH 03060
Tel. (603) 673-0960
WilliamLOBrien@gmail.com
NH Bar ID # 16867

and

Louis E. Diamond, Esq.
285 Mill Road, Suite 4T
Staten Island, New York 10306
(917) 992-0800
Biker451lou@hotmail.com
NY Bar ID #


The Defendants,

Joseph Robinette Biden, Jr.
Biden for President,
Biden Victory Fund,
Biden Action Fund,
and
Biden Baldwin Victory Fund

| | |
|---|---|
| Dated: June 20, 2024 | /s/ William E. Christie<br>William E. Christie, #11255<br>Shaheen & Gordon, P.A.<br>107 Storrs Street/P.O. Box 2703<br>Concord, NH 03302<br>(603) 225-7262<br>wchristie@shaheengordon.com |
| | and |
| | David J. Burman DC #26977<br>Nicholas Marquiss DC #178063<br>PERKINS COIE LLP<br>700 13th Street, NW Suite 600<br>Washington, D.C. 20005<br>(202) 661-5850<br>dburman@perkinscoie.com<br>nmarquiss@perkinscoie.com |

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF).

/s/ William E. Christie
William E. Christie

7